IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **FABIOLA SOTELO**<br>*Plaintiff*<br><br>VS.<br><br>**PILOT TRAVEL CENTERS, LLC**<br>*Defendant* | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 5:23-cv-132<br>§<br>§   **Jury Demanded**<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **FABIOLA SOTEL**, hereafter referred to as "Ms. Sotelo" or "Plaintiff," and files this, her Original Complaint and Jury Demand against Pilot Travel Centers, LLC ("Pilot", or "Defendant"). Ms. Sotelo alleges discrimination and retaliation based on race and national origin in violation of Title VII and retaliation for seeking workers' compensation benefits in violation of the Texas Labor Code. For causes of action, Ms. Sotelo would show this Court as follows:

### I.
### PARTIES

1.   Plaintiff **FABIOLA SOTELO** is a resident of Laredo, Webb County, Texas.

2.   Defendant, **PILOT TRAVEL CENTRS, LLC** is a Tennessee LLC. It may be served with process by the clerk of the Court through certified mail by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900 Dallas Texas 75201. A waiver of service has been requested.

### II.
### JURISDICTION AND VENUE

1

3. The Court has jurisdiction to hear the merits of Sotelo's claims under 28 U.S.C. §1331 as they arise under federal statutes, specifically Title VII.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

5. All the acts alleged herein occurred in Webb County, Texas within the Southern District of Texas, Laredo Division.

6. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

7. At the time of filing, damages are within the jurisdictional limits of the court.

## III.
## MISNOMER / MISIDENTIFICATION

8. If any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter "egos of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## FACTS

9. Plaintiff Fabiola Sotelo is of Mexican national origin.

10. Sotelo began working for Defendant Pilot Travel Centers, LLC in October of 2021. She became a manager in January of 2022 and worked the day shift.

11. Plaintiff was responsible for supervising employees at her store including an employee named Valerie.

12. Valerie would laugh at Sotelo when she spoke English because Sotelo had an accent. Valerie would not stop mocking Sotelo and as a result Sotelo escalated the issue to Raul

Segovia the General Manager. Sotelo complained about Valerie to Segovia in March and April of 2022.

13. Segovia told Sotelo that he had spoken to Valerie and sent her home for the day, but the behavior did not stop. In April of 2022 Sotelo had an on the job injury and made a claim for Worker's Compensation benefits. She returned to the job on or about July 1, 2022.

14. When Sotelo went back to work she learned that her store had a new Regional Manager named Jaime Frank. Sotelo found Frank's attitude towards her to be very negative. Sotelo later learned that Frank had told other employees that she did not want to talk to Sotelo because Frank believed that she would not understand Sotelo's English.

15. Sotelo also saw that Frank micromanaged her. Frank complained about Sotelo's uniform nameplate, complained that Sotelo wore a jacket without a Pilot logo and changed Sotelo's schedule.

16. Frank would not respond to simple greetings from Sotelo. Sotelo was also excluded from meetings that other managers attended.

17. Valerie continued to be a problem and the comments towards Sotelo escalated. Valerie told Sotelo that Spanish speaking customers of Pilot should "speak English" because "This is America." Valerie also referred to Sotelo as a "Fucking Mexican." Sotelo complained about these incidents to HR but nothing was done.

18. On or about July 11, 2022, Sotelo complained about Valerie to Kae in HR who told Sotelo that an investigation would take place. About a month later, Sotelo was told the investigation was concluded and they found no wrongdoing. However, HR would not tell Sotelo what they actually investigated. Valerie continued to harass Sotelo.

19. On or about August 30 of 2022 Sotelo had a meeting with Kae from HR, the Regional Manager Jaime Frank, Raul Segovia, and a translator. During the meeting Sotelo was told that she could move to a different store and be given a night shift. Sotelo responded that she did not want that because she had done nothing wrong.

20. Sotelo was also told that Valerie would not be moved because Valerie was not uncomfortable. Sotelo asked if they had looked at the security camera footage or spoken to any witnesses regarding the harassment and discrimination she suffered. Two videos of Valerie were shown that appeared to show Valerie laughing, but the members of management claimed that the video did not show anything. Sotelo was told that they would not review any additional footage or speak with witnesses.

21. When Sotelo asked why Valerie would claim that she was Franks' favorite employee she was told to not worry about it.

22. Sotelo asked if she could go home and was told that she could. Kae tried to get Sotelo to sign a document before leaving, but Sotelo refused. Sotelo later got a call from Segovia who told her that Franks had told him to write up Sotelo for leaving without permission. Sotelo asked Segovia why he didn't support her claim that the video showed Valerie laughing and Segovia responded that he could not get involved because he feared for his job. Segovia also stated that Franks had asked the other members of management to not get involved in the meeting.

23. On August 31, Sotelo sent an email to Human Resources telling them that she could not return to work due to the hostile conditions, the discrimination, and harassment, and that HR needed to correct it.

24. Sotelo was never contacted and was then terminated for not being at work on or about September 9, 2022.

## V.
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

25. The evidence will show that:

   (a) Plaintiff is a member of a protected class based on national origin. (Mexican)

   (b) Plaintiff is qualified for her position.

   (c) Plaintiff suffered an adverse employment action; (termination) and

   (d) The circumstances arising out of Plaintiff's termination raise an inference of national origin discrimination. (Plaintiff was treated less favorably than non-Mexican employees, Defendant refused to take corrective action when Plaintiff reported discrimination).

26. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VI.
## HARASSMENT BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII

27. The evidence will show that Plaintiff was subjected to unlawful harassment based on her national origin in violation of Title VII:

   (a) Plaintiff belongs to a protected class based on national origin; (Mexican)

   (b) Plaintiff was subjected to unwelcome harassment;

   (c) The harassment was based on national origin; (Statements specifically referenced Plaintiff's national origin)

   (d) The harassment affected a term, condition, or privilege of employment; (Plaintiff was unable to continue working due to Defendant's refusal to act) and,

   (e) The employer knew or should have known of the harassment and failed to take prompt remedial action;

## VII.
## RETALIATION FOR REPORTING NATIONAL ORIGIN DISCRIMINATION

28. The evidence will show that Defendant retaliated against Plaintiff because she complained about race/national origin discrimination and/or harassment in violation of Title VII:

(a) Plaintiff engaged in protected activity under Title VII; (Plaintiff brought complaints about national origin discrimination to Defendant.

(b) Plaintiff was subjected to an adverse employment action; (Plaintiff was terminated).

(c) A causal link exists between the protected activity and the adverse employment action. (Defendant refused to take corrective action or to investigate Plaintiff's claims, instead Defendant offered to move Plaintiff to a less favorable position, which is the kind of adverse action that would dissuade an employee from bringing protected complaints).

## VIII.
## RETALIATION
## TEX. LABOR CODE §451.001, et seq.

29. Labor Code section 451.001 states that an employer may not discharge, or in any other manner discriminate, against an employee because that employee has filed a workers' compensation claim in good faith. *See* TEX. LAB.CODE ANN. § 451.001; Plaintiff alleges that as a result of the fact that she sought treatment and benefits under the Worker's Compensation Act for an on-the-job injury, Defendant retaliated against Plaintiff by terminating her employment.

30. The evidence will further demonstrate that those who made the decision to terminate Plaintiff knew that she had suffered injuries, undergone medical treatment, and filed for worker's compensation benefits.

## IX.
## RESPONDEAT SUPERIOR

31. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## X.
## DAMAGES

32.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

(1) Lost wages, past and future;

(2) Compensatory damages under Title VII, including harm to professional reputation inconvenience, and mental anguish suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

(3) Reasonable attorney fees, expert fees and costs.

## XI.
## ADMINISTRATIVE FILINGS

33.     Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division dually alleging that the Defendant had committed and unlawful employment action against Plaintiff.

34.     Thereafter, Plaintiff received a Right to Sue letter from the EEOC giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt, attached hereto as **Exhibit "A."** Plaintiff timely filed her Plaintiff's Original Complaint.

## XII.
## ATTORNEY FEES

35.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

(1) Preparation and trial of the claim, in an amount the jury deems reasonable;

(2) Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

(3) An appeal to the Court of Appeals, in an amount the jury deems reasonable;

(4) Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees if application for Writ of Error is granted, in an amount the jury deems reasonable; and

(5) Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIII.
## JURY DEMAND

36. Plaintiff further demands a trial by jury. A jury fee has been tendered.

### PRAYER FOR RELIEF

WHEREFORE, Fabiola Sotelo requests Pilot Travel Centers, LLC be cited to appear and answer, and that on final trial, Fabiola Sotelo have judgment against Defendant as follows:

(1) judgment against Defendant for Sotelo's actual damages, including lost wages and benefits (both front and back pay and/or equitable relief to include reinstatement, if feasible);

(2) judgment against Defendant for compensatory damages in the maximum amount allowed by law under Title VII;

(3) pre-judgment and post-judgment interest at the maximum allowed by law;

(4) costs of suit, including attorneys' fees; and

(5) such other and further relief, both at law and in equity, to which Sotelo may be justly entitled.

Respectfully Submitted,

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone: (210) 212-7979**
**Facsimile: (210) 212-5880**


BY: */s/  Adam Poncio*
      **ADAM PONCIO**
      **STATE BAR NO. 16109800**
      **Southern District ID No. 194847**
      **aponcio@ponciolaw.com**
      **ALAN BRAUN**
      **STATE BAR NO. 24054488**
      **Southern District ID No. 1428056**
      **abraun@ponciolaw.com**
      **ATTORNEYS FOR PLAINTIFF**